# UNITED STATES BANKRUPTCY COURT

District of Colorado

In Re: Paul Eugene Danio, Debtor        Case No. 13-30319 ABC

Chapter 11

## MOTION FOR MANDATORY ABSTENTION

COMES NOW the debtor in possession ("Debtor"), and represents as follows:

1. The Debtor has filed a voluntary petition under Chapter 11 of the bankruptcy Code and is operating its mining business as a debtor in possession.

2. Debtor has an unsettled title dispute in re certain mining claims that are located in Clear Creek County, Colorado. On or about April, 2012 Debtor waived service of process and subsequently entered his appearance in *COAG v. Danio*, et. al., 12CV26, in the District Court in Georgetown, Colorado for Clear Creek County. Said 12CV26 is in the nature of a quiet title action pursuant to Colorado Rules of Civil Procedure ("C.R.C.P") 106, et. seq., in so far as it relates to Debtor. The complaint of COAG and answer of Debtor are attached hereto as Exhibits A and B respectively. Claim 13 is the only section that affects Debtor.

3. A trial is set for February 13, 2014 by the District Court for Clear Creek County, Colorado to determine title to part of the claims represented by the executory contract referred to in Debtor's Schedule G, and attached hereto as Debtor's Exhibit C. Debtor desires that the questions of title to the properties covered by said executory contract be determined as quickly as possible before an election to assume or reject the same has to be made by Debtor. No monetary or other damages are sought by Plaintiff against Debtor.

4. Said suit is based solely on a claim arising only under state law.

5. Said proceeding is related to the instant bankruptcy case but did not arise from the same. Said case 12CV26 arose approximately 20 months before the commencement of the instant bankruptcy proceedings.

6. No independent grounds exist for federal jurisdiction to the related proceeding.

7. The related proceeding has had extensive pretrial discovery and preparation entailing almost two years of Debtor's and Plaintiff's time, and is timely set for trial in the District Court for Clear Creek County, Colorado.

8. The related proceeding does not represent a claim for wrongful death or personal injury tort, and is a non-core proceeding.

WHEREFORE, the Debtor prays for the entry of an order authorizing the Debtor to proceed to trial in COAG v. Danio, et. al., 12CV26, in the District Court for Clear Creek County, Colorado pursuant to 28 U.S.C. 1334(c)(2).

Date: _1/16/14_____

Signature: _____

Paul E. Danio, Debtor, *pro se*
P.O. Box 1074
Central City, CO  80427
Telephone: 720-201-8887

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury that he has, on the date shown below, by first class mail addressed to their respective addresses of record in this case, transmitted and served a true copy of this document to the United States Trustee, and all creditors, and their attorneys of record.

Date: _1/16/14_____

DEBTOR'S EXHIBIT "A"

| | |
|---|---|
| **DISTRICT COURT, CLEAR CREEK COUNTY, COLORADO**<br>**405 Argentine Street, P.O. Box 367**<br>**Georgetown, CO 80444**<br>**303.569.3272 FAX 3274** | |
| **PLAINTIFF:**<br>**COAG CORPORATION, a Colorado corporation,**<br><br>**v.** | ▲ COURT USE ONLY ▲ |
| **DEFENDANTS:**<br>**DOROTHY KENNEC, JENNIFER M. JOHNSON, ROBERT SCHULZ, D. I. HAYDEN, PAUL DANIO, and all unknown persons who claim any interest in the subject matter of this action.** | **Case Number: 12CV26**<br><br>**Div. G** |
| Plaintiffs' Attorney:<br>Daniel J. Danser, No. 12231<br>240 Wilcox Street<br>Castle Rock, Colorado 80104<br>Tel: 303-688-6001<br>Fax: 303-688-0848<br>Email: dan@danserlaw.com | |
| **AMENDED COMPLAINT** | |

Plaintiff, by its undersigned attorney, for its complaint against the defendants herein, alleges as follows:

1. This is an action for specific performance of a contract to sell real estate, for declaratory and injunctive relief, for money damages, for condemnation, and a complete adjudication of the rights of the parties to certain interests in real property.

2. Venue is proper in this Court pursuant to C.R.C.P. 98(a) because this action affects real property located in Clear Creek County, Colorado and pursuant to C.R.C.P. 98(c) because defendant Dorothy Kennec ("Kennec") resides in said County.

3. On or about August 24, 2007, Kennec entered into a certain Lease of Mineral Rights Contract with COAG LLC, a Colorado limited liability company (the "Contract"). An abstract of the Contract was recorded August 30, 2007 at reception no. 245985, book 779, page 455, and the full Contract was recorded April 27, 2009 at reception no. 252666, Book 805, page 771, of the Clear Creek County property records.

4.  Pursuant to the Contract, Kennec leased the following eight mining claims (the "COAG Claims") to COAG LLC for a period of three years and granted COAG LLC an option to purchase at the conclusion of the lease term, for the sum of $100,000 net of lease payments already made, (a) both the mineral estate and surface estate in the first four claims and (b) the mineral estate only in the other four claims (the "Option"):

Mineral and surface estate:

| | |
|---|---|
| Gem | USMS 628 |
| Guy | USMS 7441 |
| Freighter's Friend | USMS 67 |
| Franklin | USMS 73 |

(hereinafter, the "first four claims")

Mineral estate only:

| | |
|---|---|
| Frieda R. | USMS 14161 |
| Enid | USMS 7688 |
| Mary F. | USMS 5757A |
| Washington | USMS 65 |

(hereinafter, the "second four claims").

5.  In addition, Kennec granted COAG LLC both a right of first refusal and an option to purchase at fair market value both the surface estate in the second four claims and "any properties owned or controlled by [Kennec] now or in the future, which are adjacent to or in the vicinity of the mine site, for up to three (3) years from the date of the Joint Planning Agreement" (the "FMV Option").

6.  As of the date hereof, no Joint Planning Agreement has been executed.

7.  In the Contract, Kennec represented and affirmed "that these properties [the COAG Claims] are owned entirely by her".

8.  In the Contract, Kennec agreed that the COAG Claims would be transferred "clear of all present and future encumbrances or claims, to the extent of her control".

9.  On January 22, 2008, COAG LLC transferred its rights and obligations under the Contract to Plaintiff COAG Corporation ("COAG").

10. On April 21, 2009, COAG gave Kennec written notice (the "Notice") of its intent to exercise both the Option and the FMV Option. By the Notice, COAG exercised its Option to purchase the COAG Claims, exercised its FMV Option to purchase the surface estate in the second four claims, and also identified by name and USMS number the claims, previously

identified only as properties owned or controlled by Kennec "adjacent to or in the vicinity of the mine site", with respect to which it exercised the FMV Option.

11. The claims so identified (the "nearby claims") were as follows:

| | |
|---|---|
| Amy C | USMS 5939 |
| Dexter | USMS 20297 |
| Florence | USMS 68 |
| Gem Extension | USMS7369 |
| Main Trunk | USMS 5741 |
| Max | USMS 7169 |
| Max | USMS 7196 |
| Oro Fino | USMS 5757A |
| Prince Henry | USMS 15857 |
| Seaton | USMS 385 |
| Summit | USMS 5375 |
| Trojan | USMS 4885 |
| Veto | USMS 315 |
| Veto | USMS 55 |

12. The Notice was recorded on April 27, 2009 at reception No. 252667, Book 805, page 776 of the Clear Creek County property records.

13. On November 18, 2009, COAG and Kennec executed an Agreement to Buy and Sell Real Estate (the "Buy-Sell Agreement") pursuant to which Kennec agreed to sell and COAG agreed to buy the properties subject to the Option at the Option price of $100,000.

14. Also on November 18, 2009, COAG purchased from Kennec for the sum of $5,000 all of Kennec's interest in the Freighter's Friend hoist located in the Freighter's Friend hoist house.

15. In the Buy-Sell Agreement, COAG and Kennec agreed that "the rights of the parties under the Contract shall remain in full force and effect, including but not limited to [COAG's] right of first refusal, and right to purchase at fair market value, properties owned or controlled by [Kennec] now or in the future which are adjacent to or in the vicinity of the Properties."

16. Pursuant to the Buy-Sell Agreement, on February 8, 2010, Kennec conveyed the first four claims to COAG by general warranty deed in consideration of the sum of $100,000.00 and conveyed the mineral estate in the second four claims to COAG by special warranty deed in consideration of the sum of $10.00. The general warranty deed was recorded February 12, 2010 at reception no. 255923, book 818, page 2 WD; and the special warranty deed was recorded February 12, 2010 at reception no. 255924, book 818, page 4 WD of the Clear Creek County property records.

17. In her general warranty deed, Kennec warranted clear title to the surface and mineral estates in the first four claims.

18. In her special warranty deed, Kennec warranted clear title to the mineral estate in the second four claims as against any person claiming by, through or under Kennec.

19. In or about June, 2010, in an effort to establish the fair market value of the properties subject to its FMV option, COAG offered to pay Kennec $1,500 for her interest in the Florence 68 claim. Kennec stated that the amount offered was insufficient but failed and refused, and continues to fail and refuse, to specify the amount that she believes to be the fair market value or the amount for which she would sell her interest in this or any other claim subject to the FMV option.

20. By letters dated July 31, 2010 and November 9, 2011, Paul E. Danio informed COAG that he owned an undivided interest in the mineral estate of all eight of the COAG Claims.

21. Prior to August, 2010, COAG and Kennec discussed but did not reach agreement on the fair market value of surface estate in the second four claims, and the fair market value of the nearby claims.

22. Notwithstanding COAG's exercise of the FMV Option, and notwithstanding the right of first refusal she had granted to COAG, Kennec, without notice to COAG, by Quitclaim Deed dated July 21, 2011, transferred all of her interest in the following four claims to Defendant Jennifer M. Johnson ("Johnson"):

| | |
|---|---|
| Mary F. | USMS 5757A |
| Washington | USMS 65 |
| Florence | USMS 68 |
| Veto | USMS 315 |

23. Said quitclaim deed was recorded August 11, 2011 at reception no. 261428, book 841, page 107 QCD of the Clear Creek County property records. All four of the foregoing claims (the "Johnson claims") were subject to COAG's right of first refusal and were identified in the Notice as claims as to which COAG exercised its FMV Option.

24. Although Johnson alone is the record owner of the Johnson Claims, both Johnson and Schulz have stated that Schulz either purchased or has an ownership interest in said claims. Schulz has stated that he is in actual possession of said claims.

25. Kennec sold the Johnson claims to Johnson for an amount substantially less than what Kennec earlier claimed to be their fair market value for purposes of COAG's FMV Option.

26. Upon information and belief, Kennec also granted Johnson an option to purchase additional nearby claims, all of which are subject to COAG's right of first refusal and were identified in the Notice as claims as to which COAG exercised its FMV Option.

27. Johnson has claimed and continues to claim that she is the owner of the surface estate in the Mary F. and Washington claims (acknowledging COAG's ownership of the mineral estate in

those two claims), and that she is the owner of both the surface and mineral estates in the Florence and Veto claims.

28. The hoist house in which COAG's Freighter's Friend hoist is housed, as well as the Freighter's Friend head frame are situated in part on the surface of the Johnson Claims.

29. Acting on her belief that she acquired an interest in the Johnson Claims from Kennec, Johnson has exercised, continues to exercise and has, in a manner to be proven at trial, including their use as a basis for trespass on adjacent property owned by COAG, exceeded the rights of an owner of such claims.

30. Upon information and belief, Johnson has claimed and continues to claim that she is the owner of the hoist house and possibly the head frame and hoist serving COAG's Freighter's Friend mine.

31. In or about October, 2011, Johnson and Schulz changed the lock on the Freighter's Friend hoist house and attempted to file criminal charges against COAG's representative for criminal trespass and other crimes.

32. Johnson, her agents and invitees have unlawfully entered said hoist house and, upon information and belief, have unlawfully entered COAG's Freighter's Friend mine shaft.

33. Johnson has asserted, exercised and exceeded the rights purportedly granted by Kennec in derogation of COAG's rights, including its rights under the FMV Option and the Notice.

34. Johnson is not a bona fide purchaser for value without notice. Johnson took any interest quitclaimed to her by Kennec subject to COAG's right of first refusal and FMV Option of which Johnson had both constructive and actual notice.

35. The fair market value of the interest conveyed to Johnson, if any, does not exceed the amount paid by Johnson to Kennec for such purported interest.

36. By letter dated December 6, 2011, COAG through its undersigned attorney offered to pay Johnson the amount Johnson paid Kennec for said interest.

## FIRST CLAIM FOR RELIEF
### (Specific Performance)
### (Kennec)

37. The allegations of paragraphs 1 through 36 are restated as though fully set forth herein.

38. The Contract gave COAG the right to purchase from Kennec, and imposed on Kennec the obligation to sell to COAG, specific real property – the surface rights in the second four claims and all rights owned by Kennec in the nearby claims – subject only to a determination of fair market value.

39. This Court should determine the fair market value of the property and direct Kennec to convey the property to COAG upon payment of the amount so determined.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Pursuant to C.R.C.P. 57 and C.R.S. §31-51-101, *et seq.* )
### (Johnson)

40. The allegations of paragraphs 1 through 39 are restated as though fully set forth herein.

41. By her quitclaim deed from Kennec, Johnson acquired no interest in the Johnson claims since said claims were subject to COAG's right of first refusal and FMV Option and Johnson was on notice of COAG's interest.

42. If Johnson did acquire any interest from Kennec, such interest was transferred by Kennec in derogation of COAG's rights.

43. An actual controversy exists regarding whether Johnson acquired any interest in the Johnson claims.

44. Entry of a declaratory judgment would terminate the uncertainty or controversy giving rise to this proceeding.

## THIRD CLAIM FOR RELIEF
### (Intentional Interference with Contractual Relations – Damages)
### (Johnson and Schulz)

45. The allegations of paragraphs 1 through 44 are restated as though fully set forth herein.

46. COAG's contract with Kennec gave COAG both a right of first refusal to purchase the Johnson claims for the amount paid by Johnson and the option to purchase them at their fair market value.

47. Johnson and Schulz knew of the contract.

48. With such knowledge, Johnson and Schulz, by words or conduct, or both, intentionally induced Kennec not to perform her contract with COAG.

49. Johnson's and Schulz's words or conduct, or both, caused COAG to incur damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Civil Conspiracy – Damages)
### (Kennec, Johnson, Schulz)

50. The allegations of paragraphs 1 through 49 are restated as though fully set forth herein.

51. Kennec, Johnson and Schulz agreed, by words or conduct, to accomplish an unlawful goal, to wit, to deprive COAG of its rights under the Contract.

52. One or more lawful or unlawful acts were performed to accomplish an unlawful goal.

53. COAG incurred damages as a result of such acts in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
### (Trespass – Damages)
### (Johnson and Schulz)

54. The allegations of paragraphs 1 through 53 are restated as though fully set forth herein.

55. Johnson and Schulz, directly and through their agents and invitees, have unlawfully entered upon and under the surface of real estate owned by and in possession of COAG without COAG's permission or invitation.

56. As a result of said trespass, COAG has been damaged in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### (Trespass – Injunction)
### (Johnson and Schulz)

57. The allegations of paragraphs 1 through 56 are restated as though fully set forth herein.

58. There exists a likelihood that Johnson and Schulz, directly and through their agents and invitees, will continue unlawfully to enter upon and under the surface of real estate owned by and in possession of COAG without COAG's permission or invitation.

59. COAG is entitled to an injunction against such continued or repeated trespass.

### SEVENTH CLAIM FOR RELIEF
### (False Representation -- Damages)
### (Kennec)

60. The allegations of paragraphs 1 through 59 are restated as though fully set forth herein.

61. In the Contract, Kennec falsely represented that the surface and mineral estates in the first four claims and the mineral estate in the second four claims were "owned entirely by her".

62. Upon information and belief, at the time of entering into the Contract, Kennec owned only part of the mineral estate in all eight claims.

63. Upon information and belief, at the time of entering into the Contract, Kennec owned only part of the surface estate in the Guy and Franklin claims.

7

64. Kennec's full ownership of the claims was material.

65. Kennec made the representation knowing it to be false or was aware that she did not know whether it was true or false.

66. Kennec made the representation with the intent that COAG act in reliance on the representation.

67. COAG justifiably relied on the representation.

68. In reliance on the representation, COAG paid Kennec over $100,000 and may incur substantial further losses in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**
**(Breach of Warranty – Damages)**
**(Kennec)**

69. The allegations of paragraphs 1 through 68 are restated as though fully set forth herein.

70. Kennec breached the warranties of good title set forth in her general warranty deed conveying the first four claims to COAG, and in the special warranty deed conveying the mineral estate in the second four claims.

71. As a result of Kennec's breach, COAG has been damaged in an amount to be proven at trial.

**NINTH CLAIM FOR RELIEF**
**(Breach of Contract – Damages)**
**(Kennec)**

72. The allegations of paragraphs 1 through 71 are restated as though fully set forth herein.

73. In purporting to transfer an interest in the Johnson claims to a person other than COAG, Kennec breached her obligation under the Contract either to (a) offer to sell said claims to COAG on the terms offered by Johnson pursuant to COAG's right of first refusal or (b) sell said claims to COAG at their fair market value pursuant to COAG's FMV Option.

74. As a result of Kennec's breach, COAG has been damaged in an amount to be proven at trial.

**TENTH CLAIM FOR RELIEF**
**(Breach of Covenant of Good Faith and Fair Dealing – Damages)**
**(Kennec)**

75. The allegations of paragraphs 1 through 74 are restated as though fully set forth herein.

76. In failing to honor COAG's FMV Option to purchase all of the nearby claims, and in failing to honor COAG's right of first refusal to purchase the Johnson claims, Kennec breached the covenant of good faith and fair dealing implied by law as a term of the Contract.

77. As a result of Kennec's breach, COAG has been damaged in an amount to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF
### (Easement – Declaratory Relief)
### (Johnson and Schulz)

78. The allegations of paragraphs 1 through 77 are restated as though fully set forth herein.

79. Whether or not Johnson is the owner, and Schulz in is actual possession, of all or part of the property on which the Freighter's Friend hoist house and head frame are situated, COAG in its capacity as owner of the mine served by such hoist house and head frame holds the right to own, maintain, operate, access and otherwise utilize said hoist house and head frame.

80. If Johnson is the owner of said property, then COAG is the holder of either a fee interest or an easement, whether by prescription, necessity, estoppel, implication or otherwise, to maintain such hoist house on said property.

81. An actual controversy exists regarding the rights of COAG, and the rights of Johnson and/or Schulz, to said hoist house.

82. Entry of a declaratory judgment would terminate the uncertainty or controversy giving rise to this proceeding.

## TWELFTH CLAIM FOR RELIEF
### (Petition for Condemnation pursuant to C.R.S. §38-1-102 and 202)
### (Johnson and Schulz and any person claiming an interest)

83. The allegations of paragraphs 1 through 82 are restated as though fully set forth herein.

84. COAG is the record owner and in possession of the following described real property:

Surface and mineral estate:

| | |
|---|---|
| Gem | USMS 628 |
| Guy | USMS 7441 |
| Freighter's Friend | USMS 67 |
| Franklin | USMS 73 |

Mineral estate only:

| | |
|---|---|
| Frieda R. | USMS 14161 |

| Enid | USMS 7688 |
|------|-----------|
| Mary F. | USMS 5757A |
| Washington | USMS 65 |

85. All of the foregoing claims are patented.

86. In order to haul ore from mines located on or under its aforesaid properties, COAG needs to use and maintain hoist houses, head frames and other improvements now located in whole or in part on the surface of adjacent claims in which it holds record title to the mineral but not the surface estate, to wit:

| Mary F. | USMS 5757A |
|---------|-----------|
| Washington | USMS 65 |

and on a claim to which it holds record title to neither the surface nor the mineral estate, to wit:

| Florence | USMS 68 |
|----------|---------|

87. The persons who may claim an interest in said adjacent properties are defendant Jennifer M. Johnson who may claim to be the owner of the surface estate in the Mary F. and Washington and both the surface and mineral estate in the Florence; defendant Robert Schulz, who may claim to be in possession thereof; and defendant Paul A. Danio, who may claim to be the owner of a mineral interest in the Mary F. and Washington.

88. There may be persons interested in said property who cannot be named as defendants herein because, after diligent search therefor, the names of such persons are unknown to COAG. Such persons have been made defendants and designated "all unknown persons who claim any interest in the subject matter of this action".

89. To the extent it does not now hold the right to use said hoist houses, head frames and other improvements, COAG is entitled to condemn title to, or an easement on, the property now occupied thereby, as well as the right to access said improvements, pursuant to Article II, § 14 and other provisions of the Colorado Constitution, §§38-1-102, 38-1-202(g) and (k), C.R.S., and the statutory and common law of Colorado.

90. COAG therefore prays that the Court adjudge and make such order as right and justice shall require, ordering that COAG is entitled to possession of the property and determining the amount of compensation to be paid.

### THIRTEENTH CLAIM FOR RELIEF
### (Adjudication of Rights in Real Property -- C.R.C.P 105)
### (All Defendants)

91. The allegations of paragraphs 1 through 90 are restated as though fully set forth herein.

92. Pursuant to the following Warranty Deeds recorded in the Clear Creek County, Colorado, property records, COAG is the owner and in possession of the following described parcels of real property, all situate in Clear Creek County, Colorado:

General Warranty Deed recorded February 12, 2010 at reception no. 255923, book 818, page 2 WD:

Surface and mineral estate:

| | |
|---|---|
| Gem | USMS 628 |
| Guy | USMS 7441 |
| Freighter's Friend | USMS 67 |
| Franklin | USMS 73 |

Special Warranty deed recorded February 12, 2010 at reception no. 255924, book 818, page 4 WD :

Mineral estate only:

| | |
|---|---|
| Frieda R. | USMS 14161 |
| Enid | USMS 7688 |
| Mary F. | USMS 5757A |
| Washington | USMS 65 |

93. All of the foregoing claims are patented.

94. Pursuant to a Contract recorded April 27, 2009 at reception no. 252666, Book 805, page 771, of the Clear Creek County property records, an abstract of which was previously recorded August 30, 2007 at reception no. 245985, book 779, page 455; and to a Notice of Exercise of Option recorded April 27, 2009 at reception No. 252667, Book 805, page 776, COAG has both an option to purchase at fair market value and a right of first refusal to purchase the surface estate in the following parcels of real property:

| | |
|---|---|
| Frieda R. | USMS 14161 |
| Enid | USMS 7688 |
| Mary F. | USMS 5757A |
| Washington | USMS 65 |
| Amy C | USMS 5939 |
| Dexter | USMS 20297 |
| Florence | USMS 68 |
| Gem Extension | USMS7369 |
| Main Trunk | USMS 5741 |
| Max | USMS 7169 |
| Max | USMS 7196 |
| Oro Fino | USMS 5757A |
| Prince Henry | USMS 15857 |

| | |
|---|---|
| Seaton | USMS 385 |
| Summit | USMS 5375 |
| Trojan | USMS 4885 |
| Veto | USMS 315 |
| Veto | USMS 55 |

95. Pursuant to a Quitclaim Deed recorded August 11, 2011 at reception no. 261428, book 841, page 107 QCD of the Clear Creek County property records, defendant Jennifer M. Johnson may claim an interest in the surface estate in the following properties:

| | |
|---|---|
| Mary F. | USMS 5757A |
| Washington | USMS 65 |
| Florence | USMS 68 |
| Veto | USMS 315 |

96. Defendant Robert Schulz is or may claim to be in actual possession of the foregoing four properties and possibly of other above-described properties.

97. Defendant Paul A. Danio has informed COAG that he claims an interest in the following properties:

| | |
|---|---|
| Gem | USMS 628 |
| Freighter's Friend | USMS 67 |
| Enid | USMS 7688 |
| Frieda R. | USMS 14161 |
| Washington | USMS 65 |
| Mary F. | USMS 5757A |
| Guy | USMS 7441 |
| Franklin | USMS 73 |

98. Defendant D.I. Hayden appears in the Clear Creek County Assessor's records as the owner of the following claims and may claim an interest therein:

| | |
|---|---|
| Enid | USMS 7688 |
| Frieda R. | USMS 14161 |
| Max | USMS 7196 |

99. There may be persons interested in said property who cannot be named as defendants herein because, after diligent search therefor, the names of such persons are unknown to COAG. Such persons have been made defendants and designated "all unknown persons who claim any interest in the subject matter of this action". To the best of COAG's knowledge, the interests of such persons are derived through one or more of the named defendants.

100.     To the extent any defendant, known or unknown, claims some right, title or interest in or to the above-described property adverse to COAG's, such claim is without foundation or right.

101.     COAG respectfully requests a complete adjudication of the rights of all parties to this action with respect to the real property described above; a decree determining the interest or estate of the parties in and to said property, forever barring and enjoining the defendants from asserting any claim or title adverse to COAG's, quieting the interest of COAG in and to said property and adjudging that COAG is the owner of the above-stated rights; and such other and further relief as the Court deems just and proper.

WHEREFORE, COAG respectfully requests judgment:

(a)     requiring Kennec specifically to perform her obligation to transfer the nearby claims to COAG in accordance with the terms of COAG's FMV Option;

(b)     determining that Johnson has no interest, estate, or claim of any kind whatsoever in or to the Johnson claims, the Freighter's Friend or Franklin hoist house, head frame or hoist, and forever barring and enjoining Johnson from asserting any claim or title thereto;

(c)     requiring Johnson to transfer to COAG any estate or interest she acquired from Kennec in claims subject to COAG'S right of first refusal or FMV Option;

(d)     permanently enjoining Johnson from trespassing on or under property owned by COAG;

(e)     awarding in favor of COAG and against Kennec the damages COAG suffered as a result of Kennec's false representations, breach of warranty, breach of contract, breach of covenant of good faith and fair dealing and conspiracy with Johnson;

(f)     awarding in favor of COAG and against Johnson the damages COAG suffered as a result of Johnson's intentional interference with COAG's contract rights, trespass, and conspiracy with Kennec;

(g)     determining that COAG has the right to use, maintain, access the Freighter's Friend and Franklin hoist houses, hoists, head frames and other improvements wherever located constructed to serve COAG's mines; or, in the alternative, the right to condemn such rights, and determining the amount to be paid therefor;

(h)     completely adjudicating the rights of all parties to this action with respect to the real property described above;

(i)     awarding COAG its costs, including reasonable attorney fees; and

(j)     granting to COAG such other and further relief as the Court deems just and proper.

Dated: January 3, 2013

Respectfully submitted,

*/s/ Signature on file*

_____
Daniel J. Danser, Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 3, 2013, a true and correct copy of the foregoing document was served by first class mail, postage prepaid, addressed to the following:

| | | |
|---|---|---|
| Dorothy Kennec | Jennifer M. Johnson | Robert Schulz |
| P.O. Box 1767 | 7230 Eagle Canyon Drive | 7230 Eagle Canyon Drive |
| Idaho Springs, CO 80452 | Colorado Springs, CO 80922 | Colorado Springs, CO 80922 |

*/s/ Signature on file*

_____

Daniel J. Danser

DEBTOR'S EXHIBIT B

| | |
|---|---|
| **DISTRICT COURT, CLEAR CREEK COUNTY, COLORADO**<br>405 Argentine Street, P.O. Box 367<br>Georgetown, CO 80444<br>303.569.3272 FAX 3274 | Filed in the Clear Creek<br>COMBINED COURTS<br><br>JUN 20 2013<br><br>Kimberley A. Hill, Clerk<br>By _____<br>Court Judicial Assistant |
| **PLAINTIFF:**<br>COAG CORPORATION, a Colorado corporation,<br><br>v.<br><br>**DEFENDANTS:**<br>DOROTHY KENNEC, JENNIFER M. JOHNSON,<br>ROBERT SCHULTZ, D. I. HAYDEN, PAUL DANIO,<br>And all unknown persons who claim any interest<br>in the subject matter of this action. | ▲ COURT USE ONLY ▲<br><br>Case Number:  12CV26<br><br>Div. G |
| Defendant, Pro Se,<br>Paul E. Danio<br>P.O. Box 1074<br>Central City, Colorado  80427<br>Telephone: 720-201-8887<br>Email:  paulydanio@gmail.com | |

## ANSWER OF DEFENDANT DANIO

       Defendant , Paul E. Danio,  pro se, hereby answers Plaintiff COAG CORPORATION 's (hereinafter'  "COAG") AMENDED COMPLAINT as follows:

1. Admit.
2. Admit.
3. Admit.
4. Admit with the exception that Kennec only had a mineral interest of 100% in the following claims <u>west</u> of the arbitration line as defined in that certain MUTUAL CONVEYANCES AND BOUNDARY AGREEMENT which is attached hereto as Defendant Danio's Exhibit D. Said agreement is recorded in the Clear Creek County Colorado Recorder's Office at Book 251, Pages 395 and 396:

            Mary F.           USMS 5757A
            Washington      USMS 65

1

| | |
|---|---|
| Guy | USMS  7441 |
| Franklin | USMS 73 |

(hereinafter , "100% claims west of the arbitration line").

Additionally, Defendant Kennec only had 50% of the minerals in the abovementioned four claims east of the arbitration line as follows:

| | |
|---|---|
| Mary F. | USMS 5757A |
| Washington | USMS 65 |
| Guy | USMS  7441 |
| Franklin | USMS 73 |

(hereinafter, "50% claims east of the arbitration line").
Additionally, Defendant Kennec only had 50% of the minerals in the following four claims:

| | |
|---|---|
| Gem | USMS 628 |
| Freighter's Friend | USMS 67 |
| Frieda R. | USMS 14161 |
| Enid | USMS 7688 |

(hereinafter,  "Gem Group").

5.  through 85. Defendant Danio has, by information and belief, the required knowledge to believe the veracity of Plaintiff's allegations as contained in paragraphs 5 through 85 and as such admits them.

86. Admit with the addition that Defendant Danio's Exhibit D, as aforementioned contains mutual easements and rights of way across, and for the surface, for the following claims for mining purposes:

| | |
|---|---|
| Mary F. | USMS 5757A |
| Washington | USMS 65 |
| Guy | USMS  7441 |
| Franklin | USMS 73 |
| Gem | USMS 628 |
| Freighter's Friend | USMS 67 |

(hereinafter, "Easement Group").

87. through 91. Defendant Danio has, by information and belief, the required knowledge to believe the veracity of Plaintiff's allegations as contained in paragraphs 87 through 91 and as such admits them.

92. Defendant Danio admits the allegations of paragraph 92 with the exception that Plaintiff only has 50% of the mineral rights in the "50% claims east of the arbitration line" and the "Gem Group". Additionally, Defendant Danio is in possession of the excluded mineral rights.

93. through 99. Defendant Danio has, by information and belief, the required knowledge to believe the veracity of Plaintiff's allegations as contained in paragraphs 93 through 99 and as such admits them.

100. Deny. No deed exists conveying title from D. I. Hayden to COAG or COAG's predecessors in interest and as such Plaintiff COAG is without title to any of the interest in the claims owned by Defendant Hayden and possessed by Defendant Danio. Additionally Plaintiff has, or should have had, actual knowledge of the lack of title in the "Gem Group" and the "50% claims east of the arbitration line" due to the same being specifically excluded from the Title Insurance Commitment which was prepared on behalf of Defendant Kennec. Said exclusion occurs at SCHEDULE B Section 2, titled EXCEPTIONS, in paragraphs 13., 14., and 15. Said Title Insurance Commitment is attached hereto as Defendant Danio's Exhibit K.

101. Deny with the exception that Defendant Danio also requests a complete adjudication of the rights of all the parties to this action with respect to the real property above described.

### AFFIRMATIVE DEFENSE

102. Plaintiff hereby includes and incorporates paragraphs 1-101 hereto by reference.

103.        No chain of title from D. I. Hayden to COAG or COAG's predecessor in interest exists, and as consequence no title resides in COAG for any of the interests of D. I. Hayden, and possessed by Defendant Danio.

WHEREFORE, Defendant Danio respectfully requests judgment that:

(a) no title was transferred from D. I. Hayden to Plaintiff COAG or Plaintiff's predecessors in title; and,

(b) that an easement exists for mining purposes for the surface of the claims listed in paragraph 86 above written and the mining structures appurtenant thereto; and,

3

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that on June 20th, 2013, I, Paul E. Danio, *pro se* Plaintiff, deposited in the United States Mail, 1St Class postage prepaid, the ANSWER OF DEFENDANT DANIO in 12CV26, attached hereto, to the following persons:

Dorothy L. Kennec
3062 Virginia Canyon Rd
P.O. Box 1767
Idaho Springs, CO  80452


Robert Schulz
7230 Eagle Canyon Dr.
Colorado Springs, CO  80922


Jennifer M. Johnson
7230 Eagle Canyon Dr.
Colorado Springs, CO  80922

Daniel J. Danser
240 Wilcox Street
Castle Rock, CO  80104


CERTIFIED THIS 20th day of June, 2013, by:

Paul E. Danio, Defendant, *pro se*
P.O. Box 1074
Central City, CO  80427
Telephone: 720-201-8887

*DEBTOR'S EXHIBIT C*

# CONTRACT FOR SALE & PURCHASE OF MINERAL RIGHTS

**WHEREAS**: Paul E. Danio of Idaho Springs, Colorado, wishes to purchase the Property of David I. Hayden situated in Clear Creek County, Colorado, more thoroughly described in Exhibit A consisting of one page attached hereto and by this reference made a part hereof.

**WHEREAS:** The heirs and assigns of the estate of David I. Hayden are desirous of selling the referenced property, the following covenants are hereby agreed to by the parties:

For the consideration of $2,500 (Two Thousand Five Hundred Dollars) the David I. Hayden estate through its Executor or Personal Representative hereby transfers and Quit Claims unto Paul E. Danio all rights and title to the property described in Exhibit A.

**FURTHERMORE:** Purchaser agrees to pay the David I. Hayden estate or the heirs or assigns of the David I. Hayden estate a royalty of 5% of the gross value of the minerals removed from the property for a period of five years. A minimum of $5,000 (Five Thousand Dollars) per year will be guaranteed until such time as a total of $27,500 (Twenty-seven Thousand Five Hundred Dollars) has been paid to the David I. Hayden estate or the heirs or assigns of the David I. Hayden estate. Should Purchaser fail to fulfill the payment obligations of the contract of $5,000 (Five Thousand Dollars) in any year, Purchaser agrees to Quit Claim said Property back to the heirs or assigns of the David I. Hayden estate. Purchaser also agrees not to sell, assign, hypothecate, or transfer title of the Property unless specifically allowed in writing by seller until terms of the contract have been fulfilled and the full $27,500 has been paid to the seller. Further, the David I. Hayden estate, its heirs and assigns will be held harmless from any liens, defaults, liabilities or encumbrances of any kind on said property.

**FURTHERMORE:** Purchaser will grant to the heirs or assigns of the David I. Hayden estate a first lien on the Property described in Exhibit A until the full additional $25,000 (Twenty-five Thousand Dollars) has been paid which will be evidenced by a Deed of Trust.

**FURTHERMORE:** The David I. Hayden estate, Heirs and Assigns of the estate will provide the Purchaser with all assistance necessary for facilitating the transfer of the title from the estate of David I. Hayden to Paul E. Danio, including the timely execution of all documents required for the transaction. Purchaser agrees to prepare or assist in the preparation of all required documents and to assume all costs related to same. Purchaser will make vigorous efforts to accelerate payments to the David I. Hayden estate, Heirs and Assigns of the estate.

This Contract for Purchase of Mineral Rights shall be binding upon the David I. Hayden estate, Heirs and Assigns of the estate and Paul E. Danio, his heirs and assigns.

Signed and agreed to this _17th_ day of _Feb_, 2009.

*Audrey I. Hayden*
_____
Audrey I. Hayden

Subscribed and sworn to before me this _17_ of _Feb_, 2009.

*Cheryl Brown*
_____
Notary signature

Notary Printed name: _Cheryl Brown_
Notary Public for the State of _Colorado_

My commission expires: _7/23/2010_
                          Date

[Notary seal: CHERYL BROWN NOTARY PUBLIC STATE OF COLORADO]
MY COMMISSION EXPIRES
JULY 23, 2010

PED 1/4/10

Signed and agreed to this _17th_ day of _Feb_ , 2009. _10_    PED  1/4/10

_Barbara J. Nelson_
Barbara J. Nelson

Subscribed and sworn to before me this _17th_ of _Feb_ , 2009. _10_    PED  1/4/10

_Cheryl Brown_
Notary signature

Notary Printed name: _Cheryl Brown_
Notary Public for the State of _COLORADO_

My commission expires: _7/23/2010_
                           Date

CHERYL BROWN
NOTARY
PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES
JULY 23, 2010

Signed and agreed to this _4th_ day of _January_ , 2009. _2010 W_    PED  1/4/10

_Paul E. Danio_
Paul E. Danio

Subscribed and sworn to before me this _4th_ of _January_ , 2009. _2010 W_    PED  1/4/10

_Stephanie J. Wenholz_
Notary signature

Notary Printed name: _Stephanie J. Wenholz_
Notary Public for the State of _Colorado_

My commission expires: _8/28/2011_
                           Date

Exhibit A

| CLAIM | Mineral Survey Number | | ACRES |
|---|---|---|---|
| Amy C. | 5939 | (½ mineral rights only) | 2.104 |
| Artilleryman | 9856 | (½ mineral rights only) | 5.124 |
| Dum Spiro Spero | 1607 | (½ mineral rights only) | 4.31 |
| Enid | 7688 | (½ mineral rights only) | 5.0 |
| Franklin | 87 | (½ mineral rights only) | 1.03 |
| Franklin | 73 | (½ mineral rights only) | 0.87 |
| Freeman | 941 | (½ mineral rights only) | 0.736 |
| Freighters Friend | 67 | (½ mineral rights only) | 0.87 |
| French Flag | 64 | (½ mineral rights only) | 1.6 |
| Frieda R | 14161 | (½ mineral rights only) | 2.804 |
| Gem | 628 | (½ mineral rights only) | 4.95 |
| Grantham | 1100 | (½ mineral rights only) | 5.04 |
| Hanging | 5375 | (½ mineral rights only) | 3.11 |
| Hudson | 41 | (½ mineral rights only) | 1.06 |
| Max | 7196 | (½ mineral rights only) | 0.611 |
| Montana | 4648 | (½ mineral rights only) | 2.57 |
| Oro Fino | 5757A | (½ mineral rights only) | 3.799 |
| Potosi | 159 | (½ mineral rights only) | 1.572 |
| Ship Ahoy | 4648 | (½ mineral rights only) | 2.548 |
| Silver Age | 4648 | (½ mineral rights only) | 2.548 |
| South | 5375 | (½ mineral rights only) | 3.116 |
| Summit | 5375 | (½ mineral rights only) | 3.166 |
| Tunnel | 5375 | (½ mineral rights only) | 5.000 |

**PLEASE COMPLETE AND INCLUDE THIS FORM WITH ANY PAYMENTS PLACED IN BOX TO BE PROPERLY CREDITED. A RECEIPT WILL BE MAILED TO YOU.**

*PLEASE WRITE LEGIBLY!*

Print Name: PAUL E DANIO

Mailing Address: P.O. BOX 1074

CENTRAL CITY, CO 80427
City               State         Zip

Case Number: 13-30319 ABC

What is payment for: _____   Amount Enclosed: _____

Contact phone number if we have questions: _____

ATTACHED MOTION FOR MANDATORY ABSTENTION Y 3 EXHIBITS